U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 4 2006

ROBERT H. SHEMWELL, CLERK
BY _____
   DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE R. ABELLO-SILVA<br>FED. REG. NO. 06328-062 | CIVIL ACTION NO. 05-1588-A<br><br>SECTION P |
| VS. | |
| FREDRICK MENIFEE, WARDEN | JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on or about September 8, 2005 by *pro se* petitioner Jose R. Abello-Silva. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving concurrent thirty year prison terms imposed following his 1990 narcotics convictions in the United States District Court for the Northern District of Oklahoma.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

In 1989 petitioner was extradited from his native Columbia and in 1990 he was tried on a second superseding indictment which charged him with conspiracy to import cocaine and marijuana and conspiracy to possess with intent to distribute and distribution of cocaine and marijuana. He was found guilty as charged on both

counts and was sentenced to serve concurrent 30 year sentences and to pay fines totaling $5 million. [Doc. 1-1, pp. 2-3]

His conviction and sentence were affirmed on appeal to the United States Court of Appeal for the Tenth Circuit. See United States v. Abello Silva, 948 F.2d 1168 (10th Cir.1991). His petition for certiorari was denied on October 5, 1992. Abello-Silva v. United States, 506 U.S. 835, 113 S.Ct. 107, 121 L.Ed.2d 65 (1992), rehearing denied, 506 U.S. 1087, 113 S.Ct. 1068, 122 L.Ed.2d. 373.

Petitioner filed for post-conviction relief, which the district court denied. The denial of his collateral attack was affirmed by the Tenth Circuit. See United States v. Abello Silva, 107 F.3d 22, 1997 WL 72979 (10th Cir.1997) (Table).

A subsequent §2255 Motion was dismissed by the District Court and his subsequent request for a Certificate of Appealability was denied by the Tenth Circuit Court of Appeals. United States v. Abello-Silva, 202 F.3d 283 (10th Cir. 1999)(Table).

Petitioner filed the instant petition on September 8, 2005. In this petition he claims that the criminal conduct which supported his prosecution and his conviction all occurred prior to October 27, 1986. He further claims that on that date, the offenses he was convicted of became non-parolable offenses. [id.]

He claims that he has been denied a Parole Hearing before

the United States Parole Commission. He also claims that were he to be granted such a hearing, he would be "manditorly [sic] paroled from his sentence." [Doc. 1-1, p. 1]

Petitioner admits that he has not exhausted Administrative Remedies Procedures but he claims that there are no such procedures available through the BOP to address the issues he raises in this *habeas corpus* petition. Among other things he asks the court to find that he is "...entitled to an Original Parole Grant hearing before the United States Parole Commission..."

## LAW AND ANALYSIS

### 1. Section 2241 or Section 2255?

The initial inquiry is whether or not petitioner's claim is properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to

§2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000).

To the extent that petitioner questions the legality of his sentence, that claim should more properly be raised in a §2255 Motion. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Further, to the extent that he seeks to invoke the "savings clause" of §2255, he has clearly failed to carry the burden of persuasion. Petitioner has not shown that the remedy afforded by

§2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. As shown above, in order to invoke the "savings clause" petitioner must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Petitioner has shown neither and therefore his petition should be dismissed.

2. The Execution of Petitioner's Sentence

To the extent he contests the <u>manner</u> in which his sentence is being executed, his claim fares no better. As shown above, §2241 may be used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). Thus, to the extent that petitioner contends that the United States Parole Commission has wrongfully interpreted his sentence to deny him parole eligibility, his habeas claim may be properly before the court.

Nevertheless, 28 U.S.C. §2243 provides in pertinent part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto.</u>

6

A review of the pleadings and exhibits establish that petitioner is simply not entitled to relief on the theory he proposes. Petitioner contends that Congress did not provide for non-parolable terms of imprisonment for violations of 21 U.S.C. §§ 846 and 963 that occurred <u>before</u> the effective date of the Anti-Drug Abuse Act of 1986 ("ADAA"), which became effective on October 27, 1986.[1] See <u>Gozlon-Peretz v. United States</u>, 498 U.S.

---

[1] As applicable to offenses committed <u>after</u> October 27, 1986, the pertinent provisions of the Anti-Drug Abuse Act of 1986 provide in pertinent part as follows:

21 U.S.C. § 963 - Attempts and conspiracy

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 960 - Prohibited Acts A

(a) Any person who -
(1) Contrary to Section 952 ... of this title, knowingly or intentionally imports ... a controlled substance ... shall be punished as provided in subsection (b) of this section.
(b)(1) In the case of violation of subsection (a) of this section involving ... (G) 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana ... the person committing such violation shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this paragraph. <u>No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein.</u> (Emphasis added).

21 U.S.C. § 846 - Attempt and conspiracy

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine

395, 111 S.Ct. 840, 845-48, 112 L.Ed.2d 919 (1991). He suggests that "...[a]ll of the acts which were alleged to have taken place in petitioner's case took place before October 27, 1986..." which was prior to the effective date of the provisions of the ADAA. He further points to the fact that the when sentence was pronounced, it was not stipulated that the sentences would be non-parolable.

He thus implies that the United States Parole Commission has erred in its interpretation of the sentence.

The facts of the case suggest otherwise. In its recitation of the facts established at trial, the Tenth Circuit Court of

---

or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Section 841 - Prohibited Acts A

(a) ... it shall be unlawful for any person knowingly or intentionally -
(1) to ... possess with intent to ... distribute ... a controlled substance....
(b) ... any person who violates subsection (a) of this section shall be sentenced as follows:
(1)(A) In the case of a violation of subsection (a) of this section

* * * * * *

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life....
Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. <u>No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.</u> (Emphasis added).

Appeals made the following observations:

> The government's case against Abello portrayed him as an important figure in a jet-set cocaine clan which supplied drugs to an eager American market. Narrated by the testimony of nine co-conspirators, the government described appellant's extensive Colombian drug manufacturing and distribution operation. The most damaging testimony came from co-conspirator, Boris Olarte. In 1986, Olarte found himself in jail in the Northern District of Oklahoma. In May, 1987, unhappy in his surroundings, he agreed to cooperate with the United States Government. While in prison, Olarte orchestrated a drug transaction which involved Abello. The contact person who arranged a meeting was Olarte's common law wife, Clara Lacle.
>
> The proposed transaction was actually an attempt to revive an earlier deal which never took place. According to Olarte, he and Abello previously met in Aruba with two other co-conspirators, Robert Jamieson and Frank Palmero, to discuss smuggling a cocaine shipment into the United States. The plan was abandoned. <u>By May, 1987, Olarte was cooperating with the government, and he identified Abello as a target. At Olarte's suggestion, Lacle flew to Florida in June, 1987 with two FBI agents to revive the Aruba transaction. Based on these events, Abello was indicted, extradited and convicted of participating in a drug importation and distribution conspiracy.</u> (emphasis supplied)

\*     \*     \*

> Abello was extradited to the United States in October, 1989 under a superseding indictment. The indictment charged him with two counts: 1) conspiracy to import schedule I and II controlled substances; and 2) conspiracy to possess with intent to distribute marijuana and cocaine. The request for extradition was presented to the Colombian Ministry of Foreign Relation by the United States Embassy

in Bogota on October 20, 1989. The request contained a reference to an October 7, 1987 superseding indictment from the Northern District of Oklahoma. Copies of the arrest warrant and superseding indictment were included. Under the heading of 'Overt Acts,' the indictment contains lengthy discussion of the drug conspiracy but only a brief mention of Abello. Included in the extradition request itself, however, was the following narration of facts.

The facts of the case indicate that in 1986 and 1987, Abello-Silva actively participated in the planning of a shipment of 500 kilograms of cocaine into the United States from Colombia. The proposed shipment was planned by Abello-Silva and his associates at meetings in both Colombia and Aruba, but was ultimately abandoned because of difficulties in communication among the co-conspirators. Vol. 3, Doc. 244, Exhibit F.

A second superseding indictment was obtained after Abello was extradited to the United States. The second superseding indictment, returned by the grand jury on January 3, 1990, charged Abello with the identical two offenses set out in the first superseding indictment. Added, however, were more facts detailing Abello's illegal activities. While the first superseding indictment was directed at several alleged co-conspirators and a plethora of criminal activity, the second indictment was directed only at Abello and focused on his particular role in the conspiracy.

The second superseding indictment linked Abello with members of the 'Medellin' and 'Cali' drug cartels and drug kingpins like Pablo Escobar-Gaviria, Jose Gonzalo Rodriguez-Gacha and Jorge Ochoa-Vasquez. The new indictment expanded on the scope of Abello's drug smuggling activities and detailed the mechanics of his cocaine and marijuana smuggling operation. United States v. Abello-Silva, 948 F.2d 1168, 1172 (10th

Cir. 1991).

Contrary to petitioner's assertion, it appears that the conspiracies in question went beyond October, 1986. Thus, to the extent that the respondents have interpreted his sentence as being non-parolable, such a finding does not appear to be incorrect.

In short, even if this court has jurisdiction to entertain petitioner's §2241 *habeas corpus* petition, it is clearly and manifestly without a basis in law or fact.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE